# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **Toni Chaves** | § | |
| Plaintiff, | § § § | |
| | § | Civil Action Number: 5:19-cv-861 |
| v. | § § § | |
| **Cogent Medical Laboratory, LLC**, | § | Jury Demanded |
| Defendant | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Toni Chaves ("**Plaintiff**") brings this Fair Labor Standards Act ("**FLSA**") suit against Cogent Medical Laboratory, LLC ("**Defendant**") and shows as follows:

1. **Nature of Suit.**

    1.1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

1.2. Defendant failed to pay Plaintiff in accordance with the Fair Labor Standards Act. Specifically, Defendant failed to pay Plaintiff at time and one half her regular rate of pay for hours worked in a workweek in excess of forty hours because Plaintiff was not compensated for "off-the-clock" hours she worked after normal hours at the office or at home and away from the work location when she took telephone calls and texts during her on-call time.

2. **Parties.**

   2.1. Plaintiff is an individual who was employed by Defendant within the meaning of the FLSA within the three-year period preceding the filing of this Complaint. Plaintiff's consent to be a party plaintiff is being filed separately with the Court.

   2.2. Defendant is an Oklahoma limited liability corporation, registered to do business in Texas.

3. **Jurisdiction and Venue.**

   3.1. Venue of this action is proper in this District and division because Defendant has sufficient contacts in this State and District to subject it to personal jurisdiction. Venue exists in the judicial district pursuant to 28 U.S.C. § 1391.

   3.2. Defendant carries on substantial business in the District and has sufficient minimum contacts with this state to be subject to this Court's jurisdiction.

   3.3. This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the FLSA, 29 U.S.C. § 201 et seq., as amended.

4. **Coverage.**

   4.1. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

   4.2. At all material times, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

   4.3. At all material times, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

   4.4. At all material times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). Defendant is a medical testing laboratory and its equipment is transported in interstate commerce.

   4.5. Defendant is a medical testing laboratory. Two or more of Defendant's employees engage in commerce by using equipment that has traveled in interstate commerce. By way of example and not by limitation, Plaintiff and Defendant's employees used/use:

    4.5.1. Medical specimens that have been shipped across state lines;

    4.5.2. Laboratory testing equipment that has been manufactured and shipped across state lines;

    4.5.3. Computers that have been manufactured and shipped across state lines;

    4.5.4. office equipment, such as copiers, that has been manufactured and shipped across state lines;

    4.5.5. the interstate telephone systems, landline and cellular, to solicit customers and communicate with employees;

    4.5.6. the United States postal system to send mail across state lines; and

    4.5.7.  the interstate banking systems to pay Defendant's employees;

4.6. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

5. **Factual Allegations**

5.1. Defendant is a medical testing laboratory.

5.2. Plaintiff was hired as a Phlebotomist and also performed work assignment and scheduling duties for Defendant.

5.3. Plaintiff was paid on an hourly basis at the rate of $17.00 per hour plus $0.33 per mile. Plaintiff was paid "straight" time for all hours for which she was paid. Plaintiff was not paid "time and one half" for any hours.

5.4. Plaintiff was required to be on-duty and on-call 24 hours a day.

5.5. As a work assignment and scheduling person, Plaintiff was required to be on-call and required to perform duties after normal working hours of 8:00 am to 5:00 pm.

5.6. Plaintiff was not paid for all the time she spent assigning and scheduling. Because she was not paid for all of her assigning and scheduling time Plaintiff was forced to work "off the clock."

5.7. Plaintiff was not paid for many of the hours she was required to be on call and was not paid for hours she spent performing assigning and scheduling duties when she was on call.

5.8. Plaintiff seeks pay for those uncompensated hours.

5.9. Defendant was aware of Plaintiff's duties and that she was not being paid for all the time she spent dispatching because Plaintiff discussed it with her supervisor.

5.10.    Plaintiff routinely worked more than 40 hours a week as part of her job duties and did so during all of the workweeks included in the three years prior to the filing of this Complaint. For example, during the pay period beginning May 5, 2019 and ending May 18, 2019 Plaintiff was paid for 40 working hours per week; yet, she worked additional hours "off the clock." Plaintiff was not allowed to record these hours and was not paid for these hours. Thus, she was not paid for all the hours she worked and she was denied overtime pay during those two workweeks.

5.11. Despite the fact that Plaintiff worked more than forty (40) hours per week, Defendant failed to pay Plaintiff overtime compensation at a rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in a workweek because Defendant failed to include work performed by Plaintiff after her normal shift ended.

5.12.    Defendant violated Title 29 U.S.C. § 207 in that Plaintiff worked in excess of forty (40) hours per week for her period of employment with Defendant and no payments, or insufficient payments and/or provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiffs regular rate for all hours worked in excess of forty (40) hours per work week as provided by the FLSA.

6. **Cause of Action: Failure to Pay Wages in Accordance with the Fair Labor Standards Act.**

6.1. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

6.2. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours. Defendant's failure to do so is in violation of 29 U.S.C. §207.

6.3. Defendant's actions in this regard were/are willful and/or showed/show reckless disregard for the provisions of the FLSA as evidenced by its knowledge

of the requirement to pay the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks but failed to do so with regard to hours which it knew Plaintiff was working.

6.4. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

6.5. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## 7. Demand for Jury.

7.1. Plaintiff demands a jury trial on all matter so triable.

## 8. Prayer.

8.1. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that she recover from Defendant, the following:

8.1.1. Overtime compensation for all unpaid hours worked in excess of forty hours in any workweek at the rate of one-and-one-half times her regular rate;

8.1.2. An award of liquidated damages as a result of the Defendant's willful failure to pay wages and overtime compensation pursuant to 29 U.S.C § 216;

8.1.3. Reasonable attorney's fees, expert fees, costs, and expenses of this action as provided by the FLSA;

8.1.4. Pre-judgment and post-judgment interest at the highest rates allowed by law;

8.1.5. Such other relief as to which Plaintiff may be entitled.

Respectfully submitted:

By:    */s/ Chris R. Miltenberger*
       Chris R. Miltenberger
       Texas State Bar Number 14171200
       Designated as Lead Attorney

**The Law Office of Chris R. Miltenberger, PLLC**

1340 N. White Chapel, Suite 100
Southlake, Texas 76092
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Attorney for Plaintiff