IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TONI CHAVES, | § § | |
| *Plaintiff,* | § § | SA-19-CV-00861-ESC |
| vs. | § § | |
| COGENT MEDICAL LABORATORY, LLC, | § § § | |
| *Defendant.* | § § § | |

**ORDER**

Before the Court in the above-styled cause of action is the Unopposed Motion of Defendant's Counsel to Withdraw [#23]. By his motion, Defendant's counsel, Michael Galo, asks the Court to permit him to withdraw from representation of Defendant Cogent Medical Laboratory, LLC due to Defendant's lack of responsiveness to any communication from counsel and a past due balance with counsel's law firm.

The Court finds that Mr. Galo has raised a valid basis for withdrawal as counsel. However, Defendant, as a limited liability company, cannot represent itself without licensed counsel in federal court. *See Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) ("Although 28 U.S.C. § 1654 authorizes individuals to appear in federal courts pro se, the statute is silent regarding corporations. The lack of authorization in § 1654 has been interpreted as barring corporations from appearing in federal court without an attorney."); *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) ("Because both a partnership and a corporation must appear through licensed counsel, and because a limited liability company is a hybrid of the partnership and corporate forms, . . . a limited liability company also may appear in federal court only through a licensed attorney.") (internal citations omitted). Accordingly, if Defendant is

1

unable to obtain new counsel, it leaves itself vulnerable to an entry of default and final default judgment, if pursued by Plaintiff.

Accordingly, before permitting him to withdraw, the Court will order Mr. Galo to serve Defendant with a letter explaining that he is seeking to withdraw and that Defendant must find substitute counsel or face the possibility of default judgment. Mr. Galo should file an advisory with the Court attaching the letter for the Court's review.

**IT IS THEREFORE ORDERED** that Mr. Galo serve Defendant with a letter explaining that he is seeking to withdraw as counsel. The letter should advise Defendant that it must find substitute counsel or face the possibility of a default judgment.

**IT IS FURTHER ORDERED** that Mr. Galo attach to the letter a copy of his Motion to Withdraw [#22] and this Order.

**IT IS FINALLY ORDERED** that Mr. Galo file an Advisory with the Court, confirming the service of such letter, and attach the letter for the Court's review. Upon satisfactory review, the Court will permit Mr. Galo to withdraw.

SIGNED this 7th day of February, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE