IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TONI CHAVES, | § § § | |
| *Plaintiff,* | § § | SA-19-CV-00861-ESC |
| vs. | § § § | |
| COGENT MEDICAL LABORATORY, LLC, | § § § § | |
| *Defendant.* | § § | |

# **ORDER**

Before the Court is the above-styled cause of action. The record reflects that Defendant Cogent Medical Laboratory, LLC is currently proceeding unrepresented in this matter. On February 18, 2020, the Court permitted Defendant's counsel to withdraw from representation due to Defendant's lack of responsiveness to any communication from counsel and a past due balance with counsel's law firm. In the Order of withdrawal, the Court admonished Defendant that as an LLC, like a corporation, it may not proceed *pro se* in federal court and that failure to obtain substitute counsel could result in a default judgment being entered against Defendant. *See Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) ("Although 28 U.S.C. § 1654 authorizes individuals to appear in federal courts pro se, the statute is silent regarding corporations. The lack of authorization in § 1654 has been interpreted as barring corporations from appearing in federal court without an attorney."); *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) ("Because both a partnership and a corporation must appear through licensed counsel, and because a limited liability company is a hybrid of the partnership and corporate forms, . . . a limited liability company also may appear in federal court only through a licensed

attorney.") (internal citations omitted).  The Court ordered Defendant to file an advisory with the Court indicating whether it had obtained substitute counsel on or before March 18, 2020.

Defendant failed to do so.  The Court therefore ordered Plaintiff to proceed with securing a default judgment against Defendant by filing a motion for clerk's entry of default or face dismissal of this action for want of prosecution.  Plaintiff filed the motion, and the Clerk entered default on April 15, 2020.  Since that date, there has been no further action in this lawsuit.  Accordingly, the Court will order Plaintiff to proceed with securing a final default judgment against Defendant or voluntarily dismiss this action.  A failure to take action will result in the dismissal of this case for want of prosecution.  If Defendant wishes to defend this action and avoid entry of a final default judgment, Defendant must secure counsel and file a response to any motion that Plaintiff files and move to set aside the Clerk's entry of default.

**IT IS THEREFORE ORDERED** that Plaintiff file a motion for default judgment or to dismiss this action **on or before June 26, 2020**.  A failure to do so will result in the dismissal of this action for want of prosecution.

SIGNED this 8th day of June, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE